PROVIDENCE WASHINGTON INSURANCE COMPANY V. CHARLES
WESTON, AUDITOR PUBLIC ACCOUNTS.

FILED FEBRUARY 6, 1902.· No. 12,393.

Commissioner's opinion, Department No. 1.

1. **Public Money· Appropriation.** Under the provisions of section
22, article 3 of the constitution, no money can be drawn from
the treasury except in pursuance of a specific appropriation
made by law.

2. **Pay Out Money by Bookkeeping.** Money previously paid into the
state treasury by mistake, can not be credited to the party
paying it upon the books of the auditor of state, and in this
manner discharge a liability of such party to the state, arising
for services· performed by the auditor, for· which certain pre-
scribed fees must be paid.

ERROR from the district court for Lancaster county.
Tried below before HOLMES, J.   Affirmed.

*William B. Price,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown, Dep-
. ty, and William B. Rose,* contra.

DAY, C.

Charles·Weston, auditor of public accounts of the state
of Nebraska, and the Providence Washington Insurance
Company, submitted to the district court of Lancaster
county an agreed statement of facts, under the provisions
of section 567 of the Code of Civil Procedure, praying that
the court would consider the facts alleged in the stipula-
tion and render such judgment as should determine the
respective rights and duties of the parties.   The judgment
of the district court was favorable to the state auditor, to
review which the insurance company has brought the case
to this court on error.

The facts are that during the years 1895 and 1896 the
plaintiff in error and other insurance companies similarly
situated, doing business in this state, paid to Eugene

Moore, the then auditor of public accounts, certain fees and charges for license and permission to transact business, such fees and taxes being required by the statutes of this state. The several insurance companies paid to said Moore in fees and taxes, sums aggregating $32,116.70. Of the sums thus paid to Moore, the plaintiff in error had paid $188. On January 3, 1896, Moore paid into the state treasury $5,000 of said amount, and on February 9, 1897, $1,500, and on February 17, 1897, $2,500; making a total of $9,000. Subsequent to the transaction above set out, the state brought an action against the Home Insurance Company to recover from it certain fees for license and certificates issued to it, aggregating the sum of $272. The defense interposed by the company was that of payment to Eugene Moore, auditor. The case was brought to this court on error; being reported in 59 Nebr., 524, wherein it was held that Moore, in receiving the fees from the insurance company, was not the agent of the state, and that payment to him was not a payment to the state. This case was, no doubt, a test case; for, following the decision, the several insurance companies paid into the state treasury the license fees and taxes for the years 1895 and 1896. The plaintiff in error paid into the state treasury $188 for its license fees and taxes for those years. There is a disagreement in the statement of facts as to the amount which the plaintiff in error should receive in the event the court should determine it is entitled to recover in this action. The plaintiff in error asserts that the amount of $9,000 paid by Moore to the state treasurer on account of license fees should be distributed among the several companies, being first applied in discharge of the older accounts; and upon that basis of distribution the plaintiff in error would be entitled to receive the sum of $94. The defendant in error contends that the said sum should be distributed pro rata to all the companies which paid fees to the state treasurer in pursuance of the decision of this court hereinbefore referred to, and that the share of plaintiff in error upon that basis would be $52.69. We agree with the con-

tention of the defendant in error as to the proper method of distribution of this fund.

It is clear that there is some money in the hands of the treasurer belonging to the plaintiff in error which the state is morally and legally bound to refund. We are asked by the plaintiff in error to require the state auditor to give it credit upon his books, and then to discharge that credit by canceling license fees and taxes accruing against it in the future. In our opinion, this can not be done. The difficulty with the case, so far as the rights of the plaintiff in error are concerned, is that no state officer is authorized to pay money out of the treasury without the authorization of the legislature, making an appropriation for the specific purpose. However just a claim against the state may be, it can not be paid without there has first been an appropriation by the legislature. By section 4, article 3 of chapter 83 of the Compiled Statutes of 1901, there seems to be authority that whenever it is ascertained that, by mistake or otherwise, any county treasurer or other person has paid into the treasury any sum of money not due the state, the auditor shall, on the state treasurer's certificate that such sum has been paid to him, and was not due the state, refund to such person the amount so paid, by drawing a warrant therefor upon the state treasury. If there had been an appropriation covering this class of items, perhaps this provision of the statute would be a sufficient authority for the auditor to act. But this section must be construed in the light of the constitutional provisions relating to the subject of paying money out of the treasury. Section 22 of article 3 of the constitution, among other things, provides as follows: "No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued by the auditor thereon." This language undoubtedly precludes the auditor from drawing a warrant on the treasurer for the purpose of refunding to the plaintiff in error money conceded to belong to it. The only way in which it can be legally drawn out is in pursu-

ance of a specific appropriation giving authority therefor. The case of *State v. Babcock,* 18 Nebr., 221, involved the same principle as the case now being considered. That case was an original application for a writ of mandamus to compel the auditor of public accounts to issue his warrant on the treasurer for a sum of money due to the relator for an overpayment of money into the treasury. The action was founded upon a statute which seemed to authorize it, but it was held that it did not give such authority. The court quoted section 22, article 3 of the constitution, above set out, and, in commenting thereon, used this language: "This section must be treated as and is a complete denial of the right or power of the auditor to draw his warrant on the treasury for any sum of money for any purpose except in pursuance of an appropriation made by law. The money is conceded to be in the treasury. It must remain there until drawn out 'in pursuance of a specific appropriation' giving authority therefor." The plaintiff in error seeks to avoid the force of this decision, as well as the constitutional provisions above cited, by the claim that it is not seeking to draw money out of the treasury, but is only asking for a credit with the auditor, which can be satisfied by a cancelation of its license fees and taxes. If the plaintiff in error were given the credit upon the books of the auditor for the amount which it claims has been paid into the treasury by Moore for its benefit, and receive in satisfaction of this credit service for which the auditor should demand pay, it would be accomplishing by indirection that which the plain letter of the constitution forbids to be done directly. This can not be done. The only method by which this sum of money can be refunded to the proper owner is by an appropriation through the legislature.

We therefore recommend that the judgment of the district court be affirmed.

Hastings and Kirkpatrick, CC., concur.

By the Court: For the reasons stated in the forgoing opinion, the judgment of the district court is

Affirmed.